```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARCIA PENNICOTT,                                              :
                    Plaintiff,                                 :
                                                               :   **OPINION AND ORDER**
v.                                                             :
                                                               :   16 CV 3044 (VB)
JPMORGAN CHASE BANK, N.A., SETERUS,                            :
INC., FEDERAL NATIONAL MORTGAGE                                :
ASSOCIATION, as Trustee for Fannie Mae                         :
Remic Trust 2007-96, and JOHN DOES 1-100,                      :
                    Defendants.                                :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Marcia Pennicott, pro se, brings this action against defendants JPMorgan Chase Bank, N.A. ("Chase"), Seterus, Inc. ("Seterus"), Federal National Mortgage Association ("Fannie Mae"), and John Does. Plaintiff seeks a declaratory judgment that she owns real property located in Pelham Manor, New York (the "Property"), and asserts claims of fraudulent concealment, intentional infliction of emotional distress, slander of title, quiet title, civil conspiracy, and breach of the covenant of good faith and fair dealing.

Before the Court are defendants' motions to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Docs. ##52, 57).

For the following reasons, Seterus's motion is GRANTED and Chase and Fannie Mae's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

1

On August 7, 2007, plaintiff and Chase entered into a mortgage loan, secured by a mortgage on the Property. Plaintiff thereafter defaulted on her loan payment obligations, and Chase instituted foreclosure proceedings on January 9, 2013, in Supreme Court, Westchester County (the "Foreclosure Action").

On April 1, 2014, Chase assigned the mortgage to Fannie Mae. On October 1, 2014, Fannie Mae was substituted as the plaintiff in the Foreclosure Action.

Plaintiff was served with a valid summons and complaint in the Foreclosure Action, but did not appear, answer the complaint, or otherwise contest the foreclosure. The state court issued a judgment of foreclosure and sale on January 9, 2015. On March 4, 2015, Fannie Mae purchased the Property at auction.

Plaintiff and her husband commenced a separate action on May 21, 2015, in Supreme Court, Westchester County, against Chase, Fannie Mae, and Seterus, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of New York General Business Law Section 349 (the "Removed Action"). That action was removed to this Court. On November 5, 2015, plaintiff and her husband dismissed their claims against Seterus in the Removed Action.

On September 18, 2017, this Court granted summary judgment in favor of defendants Chase and Fannie Mae in the Removed Action. The Court held plaintiff's claims were barred by res judicata because "the amended complaint [sought] to relitigate the foreclosure action, which was already decided in defendants' favor." Pennicott v. J.P. Morgan Chase Bank, N.A., 2017 WL 4157371 (S.D.N.Y. Sept. 18, 2017).[1] Plaintiff did not appeal.

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d. Cir. 2009).

On April 25, 2016, while the Removed Action was still pending, plaintiff commenced this action. The instant motions were filed after the Court dismissed the Removed Action.

## DISCUSSION

I. Legal Standards

    A. Rule 12(b)(1)

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). "A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." Zappia Middle E. Constr. Co., Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000). When a defendant moves to dismiss for lack of subject matter

3

jurisdiction and on other grounds, the court should consider the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

B.   Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiffs' legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). The Court may nevertheless consider a document not incorporated by reference if the complaint "'relies heavily upon its terms and effect,' thereby rendering the document 'integral'

4

to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)). However, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." Id. (quoting Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." Id. (quoting Faulkner v. Beer, 463 F.3d at 134). In addition, the Court may consider materials subject to judicial notice, including documents from a prior action. TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 498–99 (2d Cir. 2014).

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II. Subject Matter Jurisdiction

Defendants argue the Rooker-Feldman doctrine deprives the Court of subject matter jurisdiction.

The Court agrees as to plaintiff's claims for declaratory relief, intentional infliction of emotional distress, slander of title, and quiet title. The Court disagrees as to plaintiff's claims for fraud in the concealment, civil conspiracy, and breach of the covenant of good faith and fair dealing, although, as explained below, those claims are dismissed under the doctrine of res judicata.

5

The Rooker-Feldman doctrine bars federal courts from adjudicating claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Four requirements must be met for the doctrine to apply: (i) the federal court plaintiff must have lost in state court, (ii) the plaintiff must complain of injuries caused by a state court judgment, (iii) the plaintiff must invite district court review and rejection of that judgment, and (iv) the state court judgment must have been rendered before the district court proceedings commenced. Id. "Courts in this circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman Doctrine." Francis v. Nichols, 2017 WL 1064719, at *4 (S.D.N.Y. Mar. 21, 2017) (citation omitted).

Here, plaintiff lost in the Foreclosure Action when the Supreme Court issued a judgment of foreclosure in favor of Fannie Mae on January 9, 2015, before this action was commenced on April 25, 2016. Therefore, the first and fourth elements are satisfied with respect to all of plaintiff's claims.

As to the second and third elements, Rooker-Feldman bars claims that ask a court to find a defendant lacked standing to pursue foreclosure in a prior state court action, because such claims require a court to sit in review of the state court judgment. See Francis v. Nichols, 2017 WL 1064719, at *4. Plaintiff's claims for declaratory relief, intentional infliction of emotional distress, slander of title, and quiet title would require the Court to find Chase and Fannie Mae wrongfully asserted their standing to pursue the Foreclosure Action and thereby to sit in review of the state court's judgment in the Foreclosure Action. Thus, those claims are barred.

With respect to plaintiff's claims for fraud in the concealment and civil conspiracy, "[f]raud claims are not barred by Rooker-Feldman if (i) they seek damages for injuries suffered from the alleged fraud and (ii) their adjudication 'does not require the federal court to sit in review of the state court judgment.'" Francis v. Nichols, 2017 WL 1064719, at *5 (quoting Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014)).

Plaintiff's claim for fraud in the concealment alleges she suffered damages because defendants concealed the fact that the mortgage loan was securitized. Plaintiff's claim for civil conspiracy alleges she suffered damages because defendants engaged in a conspiracy to defraud plaintiff into signing over the right to foreclose.

In short, plaintiff's claims for fraud in the concealment and civil conspiracy seek damages and do not require a ruling that the foreclosure was improper. Therefore, Rooker-Feldman does not bar these claims. See Mohamed v. World Savings Bank, FSB, 2016 WL 8711440, at *4 (E.D.N.Y. Sept. 30, 2016) (holding Rooker-Feldman did not bar plaintiff's fraud claims that did not seek a ruling invalidating the underlying mortgage).

Likewise, plaintiff's claim for breach of the covenant of good faith and fair dealing alleges damages caused by defendants' failure to perform loan servicing functions, supervise their employees, or provide adequate documentation, among other things. Plaintiff's claim "do[es] not require that this Court review and reject the state foreclosure judgment, nor does the success of [plaintiff's] claims depend on this Court's conclusion that the state court improperly entered a judgment of foreclosure." Graham v. Select Portfolio Servicing, Inc., 156 F. Supp. 3d 491, 507 (S.D.N.Y. 2016). Therefore, Rooker-Feldman does not bar plaintiff's claim for breach of the covenant of good faith and fair dealing.

III.  Res Judicata

Defendants argue the doctrine of res judicata bars plaintiff's claims for fraud in the concealment, civil conspiracy, and breach of the covenant of good faith and fair dealing.

The Court agrees.

Under New York law, which applies here, see Estate of Keys v. Union Planters Bank, N.A., 578 F. Supp. 2d 629, 635 (S.D.N.Y. 2008), "res judicata . . . bars successive litigation [of all claims] based upon the same transaction or series of connected transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was," Sheffield v. Sherriff of Rockland Cty. Sherriff Dep't, 393 F. App'x 808, 811 (2d Cir. 2010) (summary order) (quoting People ex rel. Spitzer v. Applied Card Sys., Inc., 11 N.Y.3d 105, 122 (2008)). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997) (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981)). Claims are deemed to have been brought to a final conclusion even when they "could have been litigated [as defenses in the prior action], including defenses to a foreclosure." Yesier v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008).

Plaintiff could have brought claims for fraud in the concealment, civil conspiracy, and breach of the covenant of good faith and fair dealing in the Foreclosure Action—which resulted in the entry of judgment on the merits—had plaintiff appeared to defend the case.

Accordingly, res judicata bars plaintiff's claims for fraud in the concealment, civil conspiracy, and breach of the covenant of good faith and fair dealing.

8

IV.     Leave to Amend

Fed. R. Civ. P. 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Leave to amend would be futile here because even the most generous reading of plaintiff's complaint and filings does not give any indication she could state a valid claim not precluded by the Rooker-Feldman doctrine or res judicata.

Accordingly, the Court declines to grant plaintiff leave to amend.

V.      Filing Injunction

Chase and Fannie Mae request that the Court bar plaintiff from commencing any future lawsuits related to the mortgage loan and foreclosure absent leave of the Court. They assert that if this action is dismissed, plaintiff will simply commence another related action.

"District courts have the authority to issue filing injunctions to prevent vexatious litigation." Iwachiw v. N.Y.C. Bd. of Elections, 126 F. App'x 27, 29 (2d Cir. 2005) (summary order). "In determining whether to grant a filing injunction, district courts must consider five factors: (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." Id. "The question the court ultimately must answer is 'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" Schafler v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 707 F. App'x 751 (Mem), 752 (2d Cir. 2018) (summary order) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

Having presided for several years over this case and plaintiff's prior lawsuit, the Court is familiar with plaintiff's borderline abusive and vexatious tactics in both the district court and the Bankruptcy Court. However, although it is a close call, the Court declines to issue an injunction barring plaintiff from filing future lawsuits arising out of the foreclosure. Plaintiff is pro se and has only filed two lawsuits related to the foreclosure. If plaintiff were to file yet another lawsuit arising out of the same facts, the Court would entertain a motion for an injunction and/or sanctions.

## CONCLUSION

Seterus's motion to dismiss is GRANTED.

Chase and Fannie Mae's motion to dismiss is GRANTED IN PART and DENIED IN PART.

The Clerk is instructed to terminate the motions (Docs. ##52, 57) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: April 18, 2018
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge